UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.  **CV 16-07409 FMO (AFMx)**                                                                Date: October 7, 2016

Title       **Glen West Realty Services, Inc. dba Glen West Management Company v. Kenneth L. Mickens, Yvette Mickens and Does 1 to 10**

Present: The Honorable:  FERNANDO M. OLGUIN, U.S. DISTRICT JUDGE

| Vanessa Figueroa | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers)        ORDER REMANDING MATTER TO STATE COURT**

   On June 20, 2016, Glen West Realty Services, Inc. dba Glen West Management Company ("Plaintiff") instituted unlawful detainer proceedings against Kenneth L. Mickens, Yvette Mickens and Does 1 to 10 ("Defendants") in state court.  Defendants have allegedly continued in unlawful possession of the property located at 350 Bethany Rd., Burbank, CA 91504 (the "Property") that is managed by Plaintiff.  Defendants allegedly entered into a one-year lease of the Property on May 22, 2013, with rent at $3,250.00 per month and later increased to $3,300.00.  At the time of the 3-day notice to quit, the rent due by Defendants was allegedly $9,900.00.  Plaintiff estimates the fair rental value of the property as $110.00 per day.  Plaintiff filed its unlawful detainer complaint in state court after Defendants failed to comply with the notice to quit.  Defendants filed an Answer in state court.  Defendants removed the action to this Court on October 4, 2016.  Defendants appear to assert both federal question and diversity jurisdiction.  Defendants cite the Federal Housing Rights and Debt Collection Acts as the apparent basis for alleged federal question jurisdiction.  (Notice of Removal, ¶ 4.)  Diversity jurisdiction is alleged as "Plaintiff is incorporated in a State other than California, and their principal place of business is located in a state other than California."  (Notice of Removal, ¶ 6.)  Defendants also allege they have a separate case pending against Plaintiff in state court. (Notice of Removal, ¶ 1.)

   Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  It is this Court's duty to always examine its own

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.  **CV 16-07409 FMO (AFMx)**                                    Date: October 7, 2016

Title     **Glen West Realty Services, Inc. dba Glen West Management Company v. Kenneth L. Mickens, Yvette Mickens and Does 1 to 10**

subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).  A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists.  *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  Further a "strong presumption" against removal jurisdiction exists.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

First, it is clear from the face of the Complaint that there is no diversity jurisdiction under 28 U.S.C. § 1332.  The Notice of Removal does not indicate the citizenship of the Plaintiff (other than to say not California), but even if Defendants could establish diversity, the amount in controversy is alleged to exceed $10,000 but does not exceed $25,000 (Compl. at 1) − well below the statutory threshold of $75,000.  Defendants have not plausibly alleged that the amount in controversy requirement has been met.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014).  The Complaint specifically asserts a claim for past due rent on a one-year lease totaling $9,900.00, ongoing damages at a rate of $110.00 per day, plus attorney's fees.  (Compl. at 3.)  Plaintiff has alleged all of this will total less than $25,000, and Defendants have made no plausible allegations showing how those damages and any potential counterclaim damages would exceed $75,000.  And even if such an assertion were plausible, Defendants cannot justify diversity jurisdiction based on the alleged value of a yet-to-be asserted counterclaim.  *See Frantz v. Midland Corporate Tax Credit III Limited Partnership*, 2014 WL 4656475 at *2 (D. Id. 2014) (counterclaims cannot be used to satisfy the amount in controversy requirement to establish removal jurisdiction); *Franklin v. Car Financial Services, Inc.*, 2009 WL 3762687 at *2 (S.D. Cal. 2009) (same).

Second, subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331.  A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plaintiff's Complaint herein contains a single cause of action for unlawful

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

# CIVIL MINUTES – GENERAL

Case No.  **CV 16-07409 FMO (AFMx)**                              Date: October 7, 2016

Title      **Glen West Realty Services, Inc. dba Glen West Management Company v. Kenneth L. Mickens, Yvette Mickens and Does 1 to 10**

detainer, a state law claim.  There is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law.  *See Caterpillar, Inc.*, 482 U.S. at 392-93.  This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's Complaint.

   The Court thus REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

cc:  Pro Se Defendants

|  | : |
|---|---|
| **Initials of Preparer** | vf |